### BIGLEY v. THE VENTURE.

*(District Court, W. D. Pennsylvania.   October Term, 1884.)*

ADMIRALTY PRACTICE—JURY TRIAL—REV. ST. § 566.

  Section 566 of the Revised Statutes does not give a trial by jury in a cause of admiralty and maritime jurisdiction which concerns a vessel employed in commerce and navigation upon the rivers Monongahela and Ohio.

In Admiralty. *Sur* rule to show cause why that portion of the respondent's answer demanding a jury trial should not be stricken out, etc.

*Knox & Reed,* for libelant.

*Barton & Son,* for respondent.

ACHESON, J.   The respondent claims a trial by jury under section 566 of the Revised Statutes. But the right to such trial in causes of admiralty and maritime jurisdiction, by the express terms of that section, is not general, but restricted to causes arising where the vessel is "at the time employed in the business of commerce and navigation between places in different states and territories upon the lakes and navigable waters connecting the lakes." *Gillet* v. *Pierce,* 1 Brown, Adm. 553; *The Erie Belle,* 20 FED. REP. 63. In this case, at the time the cause of action arose, the vessel was employed in navigating the rivers Monongahela and Ohio. Now it is very clear that these rivers come not within the terms "lakes and navigable waters connecting the lakes." *The Hine* v. *Trevor,* 4 Wall. 555, 566. Moreover, the vessel here was not employed in commerce and navigation between places in different states, but was plying altogether within the Western district of Pennsylvania. The request for a jury trial must be denied, and the rule to show cause made absolute; and it is so ordered.